IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CITY OF DALLAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-714-N-BN |
| | § | |
| SHERRI R. LOWE, | § | |
| | § | |
| Defendants. | § | |

**ORDER ON *PRO SE* DEFENDANT'S REMOVAL
OF CASE TO FEDERAL COURT**

On March 10, 2017, Defendant Sherri R. Lowe filed a *pro se* Notice of Appeal, in which she "appeals" to this Court the decision of a City of Dallas Hearing Officer. *See* Dkt. No. 3. This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

Although Lowe has paid the statutory filing fee to initiate this action in federal court, federal courts have an independent duty to examine their own subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), and this order is entered in furtherance of that duty.

The Court notes initially that, although the Clerk has construed Lowe's Notice of Appeal as a notice of removal under 28 U.S.C. § 1441(a), under which a defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court, it appears that the underlying action, which

-1-

was pending before a hearing officer for the City of Dallas, concluded on February 9, 2017. *See* Dkt. No. 3 at 4 ("Contested Hearing Order" filed Feb. 9, 2017, advising Lowe that she "has a right to appeal a finding of liability to the municipal court before the 31st day after the date this Order is filed with the Clerk").

Therefore, even if Lowe's Notice of Appeal/notice of removal raises questions of federal law, *see, e.g., id.* at 1 ("challeng[ing]," in a conclusory manner, "the constitutionality of the City of Dallas Codes and the procedure of the Hearing Court"), "it is not clear it does so as a 'civil action brought in a State court,' as is required ... for a case to be removable," *Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 2d 968, 976 (E.D. Tenn. 2011) (noting that an appeal to a higher state court after entry of judgment by a lower state court did not appear to fit under the removal statute; quoting 28 U.S.C. § 1441(a), which authorizes removal "by the defendant" of "any civil action brought in a State court of which [federal courts] have original jurisdiction"); *see also City of Newark v. Lawson*, 346 F. App'x 761, 762 (3d Cir. 2009) (per curiam) ("Because the state court proceedings had already concluded by the time Lawson filed his notice of appeal, removal was not appropriate." (citing 28 U.S.C. §§ 1441(a) & 1446(a))).

Furthermore, to the extent that Lowe's federal action seeks this Court's review of the hearing officer's decision, the Court could lack jurisdiction under the *Rooker-Feldman* doctrine, under which "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates

his federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

This established doctrine restricting the jurisdiction of this Court was recently summarized by the United States Court of Appeals for the Fifth Circuit:

> Unless Congress specifies otherwise, only the Supreme Court may review a final judgment of a state court. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (citing 28 U.S.C. § 1257). To avoid end runs around this rule, the *Rooker-Feldman* doctrine dictates that federal district courts lack subject matter jurisdiction over lawsuits that effectively seek to "overturn" a state court ruling. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). They thus may not hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. To determine if *Rooker-Feldman* applies, courts look to the source of the federal plaintiff's alleged injury and what the federal court is being asked to review and reject. *Truong[ v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013)]. Review is barred if a claim "asserts as a legal wrong an allegedly erroneous decision by a state court" and requires the court to review and reject the state court's decision. *Id.* at 382-83 (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). Claims also may be barred as "inextricably intertwined" with a state court judgment, but only when they "invite a federal district court to 'sit in direct review of state court decisions' by asserting constitutional claims that the state court had not directly addressed." *Id.* at 384-85 (quoting *Exxon Mobil*, 544 U.S. at 286 n.1).
>
> The Supreme Court has found jurisdiction precluded by this "narrow" doctrine only twice. *Exxon Mobil*, 544 U.S. at 283-84. Once when parties defeated in state court alleged an "adverse state-court judgment was rendered in contravention of the Constitution" and asked a federal court to declare that judgment "null and void." *Id.* at 284 (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-15 (1923)). And once when a party asked a federal court to overturn a state court's determination that he could not be granted an exception to state bar admission rules. *Id.* at 285 (citing *Feldman*, 460 U.S. at 465-73). Even then, the Supreme Court did not find jurisdiction lacking over all of the plaintiff's claims; the district court could hear a challenge to the constitutionality of the bar admission rules as they were not the product of judicial action. *Feldman*, 460 U.S. at 482-83.

*Brown v. Taylor*, ___ F. App'x ____, No. 14-50388, 2017 WL 432795, at *2 (5th Cir. Jan. 31, 2017) (summarizing that *Rooker-Feldman* does not bar claims that "neither assert as a legal wrong nor invite direct review and rejection of the state court's [decision]").

The undersigned sets out these apparent deficiencies because, even though Lowe paid the statutory filing fee to initiate an action in federal court, she still bears the burden of establishing federal jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

While the undersigned is not convinced – for at least the reasons discussed above – that Lowe has discharged this burden, because she is proceeding *pro se*, the Court will grant her an opportunity to establish that federal jurisdiction is proper over this case and therefore ORDERS that, no later than **April 17, 2017**, Lowe shall respond to this order by filing a written response supported by evidence or facts to establish that federal jurisdiction exists.

SO ORDERED.

DATED: March 17, 2017

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE