IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CITY OF DALLAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-714-N-BN |
| | § | |
| SHERRI R. LOWE, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

On March 10, 2017, Defendant Sherri R. Lowe filed a *pro se* Notice of Appeal, in which she "appeals" to this Court the decision of a City of Dallas Hearing Officer. *See* Dkt. No. 3. The Notice of Appeal has been construed as a notice of removal under 28 U.S.C. § 1441(a), and this case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

Although Lowe paid the statutory filing fee to initiate this action in federal court, because federal courts have an independent duty to examine their own subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), the undersigned issued an order on March 17, 2017 requiring Lowe to file no later than April 17, 2017 a written response supported by evidence or facts to establish that federal jurisdiction exists, *see* Dkt. No. 5. That deadline was extended, on Lowe's motion, to May 2, 2017, *see* Dkt. Nos. 6 & 7, and her response was received on May 3,

2017, *see* Dkt. No. 8.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that this action should be remanded to state court.

**Legal Standards**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Statutes that authorize removal are meant to be strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citation and internal quotation marks omitted). "If at any time before final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Lowe asserts that jurisdiction exists on the basis of a federal question. *See* Dkt. No. 3 at 1; Dkt. No. 8 at 1.

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Anderson*, 539 U.S. at 6 (citation and internal quotation marks omitted).

To support removal, therefore, a defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *Hot-Hed*, 477 F.3d at 323 (quoting *Carpenter*, 44 F.3d at 366).

A defense or counterclaim, even if it is based in federal law or raises a disputed

question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Jefferson Cty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *see also MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (internal

quotation marks omitted). Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490. When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008); *see also Anderson*, 539 U.S. at 8 ("Thus, a state claim may be removed to federal court in only two circumstances – when Congress expressly so provides, such as in the Price-Anderson Act, or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." (citation omitted)); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) ("Thus, to support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action.").

**Analysis**

First, it appears that the underlying action, which was pending before a hearing officer for the City of Dallas, concluded on February 9, 2017. *See* Dkt. No. 3 at 4 ("Contested Hearing Order" filed Feb. 9, 2017, advising Lowe that she "has a right to appeal a finding of liability to the municipal court before the 31st day after the date this Order is filed with the Clerk"). Therefore, even if the City of Dallas's action against Lowe somehow necessarily raises(d) a federal question, "it is not clear it does so as a 'civil action brought in a State court,' as is required ... for a case to be removable," *Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 2d 968, 976 (E.D. Tenn. 2011) (noting that an

appeal to a higher state court after entry of judgment by a lower state court did not appear to fit under the removal statute; quoting 28 U.S.C. § 1441(a), which authorizes removal "by the defendant" of "any civil action brought in a State court of which [federal courts] have original jurisdiction"); *see also City of Newark v. Lawson*, 346 F. App'x 761, 762 (3d Cir. 2009) (per curiam) ("Because the state court proceedings had already concluded by the time Lawson filed his notice of appeal, removal was not appropriate." (citing 28 U.S.C. §§ 1441(a) & 1446(a))).

But the undersigned will assume, without deciding, that such a defect is procedural, not jurisdictional, as the apparent defect appears to violate the language of the removal statute. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998); *see, e.g., Sigler v. Caliber Home Loans, Inc.*, No. SA-16-CV-717-XR, 2017 WL 74756, at *3 (W.D. Tex. Jan. 5, 2017) ("'[T]he fact that removal is contrary to the technical requirements of § 1441(a) or § 1446(b) has no effect on subject matter jurisdiction. Congress recognized cases would be removed in contravention of the removal statutes but imposed a thirty-day period in § 1447(c) for seeking remand on non-jurisdictional grounds.'" (quoting *Green Tree Fin. Corp. v. Arndt*, 72 F. Supp. 2d 1278, 1284 (D. Kan. 1999); original brackets omitted)).

And, here, there is a clear jurisdictional defect. The basis of Lowe's assertion that there is federal question jurisdiction is that "the Hearing Officer Court," which "entered two orders against [her,]" "lacked subject matter jurisdiction over property citations," and that, among other things, this lack of subject matter jurisdiction resulted in "fraud upon the court" and "violated [her] constitutional right to procedural

due process (procedure for property citation and denial [of] trial by jury)." Dkt. No. 8 at 4; *see also, e.g., id.* at 3 ("Federal courts have the power under the Federal Rules of Civil Procedure to set aside judgments obtained by 'fraud on the court.' Under the Fourteenth Amendment of the United States Constitution and title 42 USC Section 1983 because it not only committed fraud, it lacked subject matter jurisdiction.").

But this assertion of a federal claim based on the Hearing Officer Court's alleged lack of subject matter jurisdiction is, at best, a defense or counterclaim and not an essential element of the non-federal proceeding against Lowe – the proceeding she removed to this Court – such that federal question jurisdiction exists. *See Reyna Capital Corp. v. B.T.S., Inc. of Miss.*, No. 3:07CV17 DPJ-JCS, 2007 WL 892457, at *2 (S.D. Miss. Mar. 21, 2007) ("[S]tate courts must possess personal jurisdiction over the parties before them. The mere fact that a party challenges jurisdiction under the United States Constitution does not create federal question jurisdiction in federal court. If it did, then every state court case involving a question of personal jurisdiction would be removable. Even accepting Defendant Sweet's argument that this is a 'jurisdictional issue' rather than a defense, he fails to cite any authority for his position that a 'jurisdictional issue' trumps the well-pleaded complaint rule such that federal question jurisdiction would exist."); *Smith v. Tisdale*, No. 3:09-cv-1165-D, 2009 WL 3163541, at *3 (N.D. Tex. Sept. 30, 2009) ("Tisdale asserts that there is a federal question about whether the Texas court from which he removed the case has personal jurisdiction over him. He maintains that the Texas court's exercise of jurisdiction violates his constitutionally protected right to due process. This jurisdictional question,

however, is analogous to a defense to Smith's suit and thus provides no basis for removal." (citing *Reyna*, 2007 WL 892457, at *2)).

## Recommendation

The Court should *sua sponte* remand this action to the court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 10, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE